Good morning, Your Honors. Alan Favish from Charleston, Redwich, and Chamberlain, representing Appellant Homestead Insurance Company. One of the principal errors that was made by the District Court Judge was his failure to follow what the Supreme Court said in the Wilton case. This declaratory relief action should not have been dismissed. At the very least, it should have been merely stayed. Had the District Court Judge done that, where would we be today? Well, as you know, the damages action is back in federal court. He simply would have released the stay and everything would be fine and we wouldn't be before you today. Now, in a few days, the District Court Judge may send the damages action back to state court. If that happens, what should happen to this declaratory relief action? It should be stayed pursuant to the Wilton case. It's very simple. If the damages action remains in federal court, as we believe it will be, then this court, this case should remain in federal court with it without a stay. It kind of becomes purposeless at that point. What becomes purposeless? The declaratory relief action. I mean, it becomes at that point, because the two cases are both pending in front of the same judge, essentially a case management issue. Well, they'll be heard simultaneously and all the issues in the debt relief action would be heard in the damages action. Well, the damages action, by way of affirmative defense, I assume, raises the same issue. Yes. Right. It just becomes a matter of, I mean, it sort of becomes academic, if not moot. Exactly. Which is why, if he simply would have stayed this action rather than dismissed it, there wouldn't be this problem. Okay. That's all true. Now, let's focus on why the stay is an abuse of discretion, as contrasted with it would have been nice if. Well, there was no stay. He dismissed it. I'm sorry. Why the dismissal is an abuse of discretion. Because Wilton, as I read it, doesn't direct a stay instead of a dismissal. The footnote suggests that at least in some circumstances, especially when the statute of limitations might be an issue, then a stay might be indicated as contrasted with a dismissal. But here, if I read the record correctly, in your arguments on appeal, there is no pitch about the effect of the statute of limitations. So that factor in Wilton doesn't. Right. I believe that, of course, Wilton didn't address the specific factual case we have here. And I think that the statute of limitations issue that it raised was one example of one of the reasons why a stay is the preferable course. But this case presents, I think, another equally valid reason, because we see what happened here and why, if the judge had said. Well, yeah, but, you know, what happened is everybody's got great 2020 hindsight. The question is, at the time that the district court made its ruling, why was it an abuse of discretion to dismiss instead of stay? Because there was a possibility of causing a problem like we have now, and there was no good reason to dismiss it. But there's always a possibility, when you've got a diversity action that's parallel to the declaratory relief action, for it to go back and forth. Exactly. There's always that possibility. So is what you're arguing, that every time the parallel action is a diversity action, that's where jurisdiction is founded in diversity, that a stay rather than a dismissal must be entered? Yes. That's what I believe is the teaching of Wilton. Okay. It should be stayed rather than dismissed. Because you don't know what's going to happen in the future to the damages action, as you just said. I agree with that. And there's no good reason to dismiss it. A stay doesn't cost anybody anything. And it prevents the problems that ---- Look, that's true. And I might have stated, I don't know. But let's suppose I would have stated, because there's no harm in doing it. You just put it on the back burner. But why was it legally wrong? Because, again, Wilton didn't discuss this particular issue, but there's no upside to dismissing it. There's only a big downside, which we're going to. That's why.  That's why. And that's it. That's really all I have to say. And, again, we're going to have a hearing next week. And I think that the panel would like to have a status report. I mean, this is as quickly as you can provide one as to what happens. My guess is that the district court will probably rule from the bench on Monday. Yes. We'll let you know as soon as we know. Thank you. Counsel. Good morning, Your Honors. Christian Garris on behalf of the Kasdan Company. The Declaratory Relief Act is sort of a unique animal, and it causes sort of strange results. And you see that here where it is a sort of proactive action by the insurance company. The cases that talk about it. Which is okay. I mean, they can do it. Yes, they can do it. But there's nothing that inherently prevents an insurance company from doing this. Although I would mention, even in the declaratory relief complaint, they do indicate their presupposition that the insured is about ready to file a lawsuit before the termination of the insurance. Sure. But they do raise a Federal constitutional issue. Correct. And that is the issue that the district court decided to abstain from ruling on because it is an affirmative defense in the damages action. And I would submit that both the state courts now and now the Federal court in Campanelli have both ruled on the constitutionality of Section 340.9. Both courts now, both the state court and the Federal court, have ruled that the statute is on its face constitutional. So I would submit that's yet another reason why the court did not abuse its discretion in dismissing the action. Because the Ninth Circuit has already ruled on this issue, as have the state courts, that Section 340.9 is constitutional. The only issue in the declaratory relief action is that Section 340.9 violates the Constitution's contracts clause. That is the only issue in the prayer for relief in that action. And so the district court now, sort of with hindsight, I think can say, well, there is no issue, or rather the Ninth Circuit now can say, well, there is no abuse of discretion because both the state court and the Federal court have ruled that the statute is in fact on its face constitutional. Well, you know, there's no such thing as sort of abstract constitutionality. I mean, Homestead is going to make an argument that their deal with your client was different from the contract term that was in front of the California courts and in front of the Federal court. I don't know whether it is or isn't, but, I mean, that's going to be their argument, so that they're entitled to have an adjudication of constitutionality on the facts as it pertains to your client. Certainly in the 20th Century v. Superior Court, the Ollis case, the court there did evaluate the legislative history of Section 340.9 and did not limit it to homeowners  In fact, in that case the court did not. That's kind of going to the merits, isn't it? I mean, isn't that going a little bit beyond the question of whether either abstention was right or whether it was right to dismiss rather than say? I think we are getting maybe a little bit beyond the issue here, although I think it does affect in some ways the reasonableness of the district court in deciding to abstain and dismiss the action as opposed to abstaining. I have a question about that. The case was returned to the district court for a statement of reasons, and the second round the court basically said, here is the legal standard, and I've applied it. Is that an adequate statement of reasons? It's a statement of what the law is, and it's a statement that the judge always follows the law, but is it a statement of reasons? I think the Geico v. Deisel case does instruct the district court to state its reasons. I think prior to that under Brilhart it was not exactly clear. So did our mandate in this case. And so the question is whether the judge followed the mandate or not. Well, he certainly set out the rules and then found out. And a conclusion. And concluded that the elements had been met in this case, which I think on its face are sufficient in context with the oral argument. Well, the point of, at least one of the points of the requirement for a statement of reasons, is so that there can be meaningful review by this Court of the reasons. And when the statement is, here is the standard to be applied and I've applied it, to some extent you can at least know whether they've applied the right case or statute. But the adequacy of the connection between that standard and the outcome isn't illuminated, I would suggest, by something this conclusory. So are we able to affirm it in its current form? I think that the panel can affirm the decision. I think it's efficient. It's not certainly an abuse of the district court's discretion to state the grounds and to state the conclusion that it did. I think we would like maybe a more detailed analysis. But we have what we have here. And I think it's adequate given the history that this case, the long procedural history that this case has had. Having been filed in 2001, we are still trying to get this case on track to trial. Well, let me ask you something. If this case were to go back to the district court, either because it didn't state reasons or because there's some question about whether a dismissal rather than a stay, which also had no statement of reasons behind it, was granted, does this action's life make any difference at all? I mean, does it matter? Well, sort of the third element of Brilhart, the risk of inconsistent judgments, if there's a case pending in state court. Well, yes, but there isn't. Well, now that is an interesting question because it goes back to what do you need to do to remove a case. And it's solely within the discretion of the party seeking the removal. In other words, if there was a pending state action and there was a declaratory relief action in the district court, all the party would have to do who wanted to say, hey, both cases are in federal court, they would just have to file a removal, whether it's well taken or not. It's automatic, and then both cases are in federal court at that time. I don't think that can be the standard where the exact current location of the damages case because here at some point, as a practical matter, it does make a difference because if you end up with two actions in the federal court, both about the same event with two slightly different procedural postures, then there's no there there. I think that's true if there's been an adjudication by the district court that the case should remain in the district court, the damages case. And here we have challenged it again by filing a motion to remand. The court on the first go-round remanded the case based on the fact that there was diversity of citizenship, there were state defendants, there were California defendants as well as plaintiffs and defendants, and the case was remanded on that basis. The case proceeded in the state court, and that's now been removed again. Because the non-diverse parties are gone, right? There was a demur. We were granted leave to amend. So clearly, I think that on its face shows that it was not fraudulent joinery if we were granted leave to amend. There was a second demur, and the state defendants were dismissed on the second demur. This is just perhaps completely out of left field, and it is certainly only my own thought, but have these parties tried to settle rather than spend all these incredible numbers of months and hours bouncing back and forth between state and federal court? At this point, Your Honor, we have not discussed that. I believe the parties are so far apart. The damages that our experts tell us are so gigantic that there's just a massive gulf between the parties here. Well, if the parties are interested, this Court has an outstanding mediation program that may be of some assistance. But as I say, that's just me talking. I appreciate the offer, Your Honor. Okay. Then perhaps you might just give us your point of view as to why a dismissal rather than a stay was within the Court's discretion. I think dismissal is within the Court's discretion if the issue in the Declaratory Relief Act case can be fully adjudicated in the damages action, and they have as a defense the unconstitutionality of 340.9 as a defense in the damages case. So their issue that they want to litigate will be and can be fully litigated in the damages case. In fact, they move for summary judgment in the state court damages action on this very issue, and it was denied. So in a way, a court has already ruled on this issue in this very case and has found against the defendants. It's really a form, and then we get to the other element, of forum shopping. This is an example of forum shopping. They've had a ruling on this issue in the state court. Now they want to try it again in federal court. I don't think that should be countenanced. I think that's violative of the Grilhart Factors. I don't think there's any remaining issue that has to be addressed in the Declaratory Relief Act case that cannot be addressed in the damages case. Okay. Thank you. Thank you. Mr. Risch. Thank you, Your Honors. I have yet to hear any upside to dismissing this deck relief action. There's only a downside. If you don't follow what Wilton talks about, staying these kinds of actions, you're going to get all sorts of factual situations in the future, things that we can't even conjure up right now. All they have to do in the district courts is stay these actions under these circumstances, and there's nothing to lose, and it doesn't clog up this circuit's caseload. And, Your Honor, your point was correct. There are factual differences between our case and the other cases that have determined constitutionality, and that's nothing we have to get into now. It's just very clear this case should have been stayed, and it was an abuse of discretion not to stay it, because there's no good reason, and I have yet to hear any good reason for dismissing a case. You just open yourself up to all the permutations of things that can go wrong at both court levels, and you just open up a big can of worms. That's all avoided by the simple, very simple act of staying. Thank you. All right, counsel. I appreciate your argument. The matter just argued will be submitted, and we'll turn next to the NS Allstate matter. All right. All right. You have to go upstairs. Yeah. I can be bride. All right. All right. Morning, may it please the court. Norm Watkins on behalf of.
judges: Rymer, Graber, Molloy